## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| Nicholas Konsoulas, | Civil Action No.: 3:12-cv-02100 |
| Plaintiff, | |
| v. | |
| Commercial Recovery Systems, Inc., | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, Nicholas Konsoulas, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4.      The Plaintiff, Nicholas Konsoulas ("Plaintiff"), is an adult individual residing in Miramar, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Commercial Recovery Systems, Inc. ("Commercial"), is a Texas business entity with an address of 8035 RL Thornton FWY., Suite 220, Dallas, Texas 75228, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.      The Debt

6.      The Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.      The Debt was purchased, assigned or transferred to Commercial for collection, or Commercial was employed by the Creditor to collect the Debt.

9.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.      Commercial Engages in Harassment and Abusive Tactics

10.      Commercial sent its first piece of written correspondence to Plaintiff in a letter dated January 26, 2012.

11.      The letter requests payment of the Debt and informed Plaintiff of his rights under Federal and State laws to either dispute the Debt or request verification of the Debt within the following thirty (30) days.

12.      Plaintiff received Commercial's letter in early February 2012.

2

13.     On or about February 7, 2012, Commercial placed a call to Plaintiff's cellular telephone in an attempt to collect the Debt.

14.     Commercial told Plaintiff that he needed to make a payment arrangement for the Debt before February 15, 2012. Commercial noted that it would take "another course of action" if Plaintiff did not voluntarily reach a payment arrangement by the 15th.

15.     Further, Commercial left a voicemail with Plaintiff in which it threatened to "take a different route [to collect the Debt]" if Plaintiff did not return the call by the end of the day.

16.     To date, Commercial has not taken legal action against Plaintiff.

17.     Commercials threats to Plaintiff demanding payment of the Debt immediately overshadow Plaintiff's rights under Federal and State law to dispute the Debt or request verification of the Debt within the following thirty (30) days.

## C.     Plaintiff Suffered Actual Damages

18.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

21.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     The Defendants' conduct violated 15 U.S.C. § 1692d  in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

23.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

24.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

25.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

26.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27.     The Plaintiff is entitled to damages as a result of Defendant's violations.


## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

28.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.     The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

30.     The Defendants are each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

4

31.     The Defendants threatened to take action prohibited by law, in violation of Tex. Fin. Code Ann. § 392.301(a)(8).

32.     The Defendants used abusive and profane language when speaking with the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(1).

33.     The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4.  Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5.  Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6.   Remedies under Tex. Bus. & Comm. Code  § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

7.  Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

8.  Punitive damages; and

9.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 2, 2012

Respectfully submitted,

By /s/ Jody B. Burton

Jody B. Burton, Esq.
CT Bar # 422773
LEMBERG & ASSOCIATES, L.L.C.
14785 Preston Road, Suite 550
Dallas, Texas  75154

*Counsel To:*
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: jburton@lemberglaw.com
Attorneys for Plaintiff